UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAMS                                          CIVIL ACTION

VERSUS                                            NO: 12-2913

NEW ORLEANS TERMINALS, LLC                        SECTION: "J" (4)
ET AL.

**ORDER AND REASONS**

Before the Court are Plaintiff's **Motion to Remand (Rec. Doc. 3)** and Defendants' opposition thereto **(Rec. Doc. 7)**. Plaintiff's motion is set for hearing on January 16, 2013. Having considered the motion and memoranda of counsel, the record, and the applicable law, this Court finds that Plaintiff's motion should be **DENIED** for the reasons set forth below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of personal injury and property damage claims brought under Louisiana state law. Plaintiff, Mack Arthur Williams, filed the instant action in the Civil District Court for the Parish of Orleans, State of Louisiana on November 2, 2012, naming as Defendants Ceres International Terminals,

1

Inc., New Orleans Terminals, LLC, and Ceres Gulf, Inc. (collectively, "Ceres Defendants"). All of these Defendants were served between November 14, 2012 and November 15, 2012. In addition, Plaintiff also named as Defendants DEF Insurance Company, ABC Insurance Company, and XYZ Insurance Company (collectively, "Fictitious Insurance Defendants"), the hypothetical insurers of the Ceres Defendants.

Plaintiff's complaint alleges that on November 14, 2011, he was injured and his property was damaged while picking up a chassis and a load of cargo at a terminal facility in New Orleans.[1] Plaintiff reports that his injury occurred when "suddenly, unexpectedly and without warning, the chassis extender lock down mechanism failed and the chassis came apart," damaging his trailer and causing him to injure his lower back. Compl., Rec. Doc. 1-1, p. 3, ¶ 9. Plaintiff alleges that an unnamed employee of one of the Ceres Defendants negligently and improperly installed the chassis lock down mechanism that reportedly malfunctioned. Therefore, Plaintiff sued the Ceres Defendants as the alleged owners and operators of the chassis, employer of the individual who negligently installed the chassis

---

[1] Plaintiff notes that the facility was "either the Napoleon Avenue or Nashville Avenue Wharf on the lower Mississippi River in the Parish of Orleans." Compl., Rec. Doc. 1-1, p. 3, ¶ 8.

2

extender lock down mechanism, and/or as the owner of the property on which the accident took place.

The Ceres Defendants removed the case to this Court on December 10, 2012, citing diversity jurisdiction as the grounds for removal. They allege that complete diversity exists because Plaintiff is a citizen of Louisiana and all Defendants are citizens of foreign states. Specifically, the Ceres Defendants assert that New Orleans Terminals, LLC is a Delaware limited liability company whose members are citizens of Delaware and New Jersey, Ceres International Terminals, Inc. is a foreign corporation organized under Delaware law with its principal place of business in New Jersey, and Ceres Gulf, Inc. is organized under Delaware law with its principal place of business in New Jersey. The Ceres Defendants also allege that the matter in controversy exceeds $75,000.

Plaintiff filed the instant Motion to Remand on December 14, 2012. Defendants responded on January 8, 2013.

**THE PARTIES' ARGUMENTS**

Plaintiff asserts that this matter should be remanded because complete diversity of citizenship does not exist between the parties. Specifically, Plaintiff argues that prior to removal he intended to add the unidentified employee who installed the

3

chassis lock extender as a defendant in the suit. Plaintiff contends that "there is an extremely strong likelihood" that the employee is a Louisiana resident, thereby destroying diversity. Pl.'s Mem. in Supp., Rec. Doc. 3-1, p. 2. Plaintiff further explains that he did not add the employee as a defendant because he did not have sufficient information about the identity and citizenship of the employee at the time he filed the original complaint. Plaintiff asserts that the Ceres Defendants were in contact with Plaintiff about the identity of this employee prior to removal, and that, because the unidentified employee was referenced in the initial complaint, "the probability that [Plaintiff] would add this unidentified defendant as a party was readily apparent on the face of the [Complaint]." Pl.'s Mem. in Supp., Rec. Doc. 3-1, p. 3.

Alternatively, Plaintiff requests that if the Court finds that complete diversity does exist, it should allow Plaintiff to amend his complaint to add the hypothetical employee as a defendant, and then remand the case back to state court. Plaintiff asserts that the Court has discretion to allow Plaintiff to amend, and that the equities weigh in favor of amendment. In particular, Plaintiff asserts that: (1) the amendment has not been brought to defeat federal jurisdiction,

4

but rather, has been brought to aide in the resolution of the case; (2) amendment would facilitate discovery by allowing Plaintiff to seek the defendants' appearance without having to subpoena him; (3) Plaintiff has not delayed in seeking leave to amend; and (4) Plaintiff will be prejudiced if leave is denied because he will lose discovery powers over the defendant.

In response, the Ceres Defendants argue that complete diversity exists and that removal is proper. They assert that when evaluating the propriety of removal, the Court must look at the allegations in the complaint as they existed at the time of removal. The Ceres Defendants contend that because the unidentified employee was not named as a party at the time the case was removed, the Court need only look at the citizenship of the named Defendants, which demonstrates that complete diversity exists. In support of this argument, Defendants note that Plaintiff has not contested the Ceres Defendants' citizenship as alleged in the Notice of Removal (Rec. Doc. 1). Furthermore, Defendants also argue that nothing in the complaint suggested that Plaintiff would add the unidentified employee as a defendant, or even that the unidentified employee is actually a nondiverse defendant.

Consequently, the Ceres Defendants oppose Plaintiff's

request to amend, contending that at this stage (1) amendment would be futile, and (2) its sole purpose is to destroy diversity. Defendants assert that in light of these two reasons, strong equities do not favor amendment in this case. In support, Defendants argue that (1) the sole purpose of this amendment is to destroy diversity; (2) Plaintiff will not be prejudiced by denial as the proposed defendant is not an indispensable party and full relief can be obtained from the Ceres Defendants, one of whom is presumably the unidentified employee's employer; and (3) discovery will actually be better facilitated in federal court as the named Ceres Defendants are all foreign entities.

**DISCUSSION**

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. See 28 U.S.C. § 1441(a). As the removing party, the defendant bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). Because federalism concerns are inherent in removing a case from the state court system, the removal statute is strictly

construed, and any doubt as to the propriety of removal must be resolved in favor of remand. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Federal diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity between the parties, meaning that no individual plaintiff and no individual defendant share the same state citizenship. 28 U.S.C. § 1332(a)(1). For the purposes of diversity jurisdiction, a natural person is a citizen of the state in which he is domiciled. Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 793, 797 (5th Cir. 2007). A corporation is deemed a citizen of the state in which it is incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability corporation's citizenship is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008). When determining citizenship for removal purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

Plaintiff argues that the Court should remand this case to state court because complete diversity does not exist. The Court finds that Plaintiff's argument is without merit. At the time of

removal, the parties in this suit consisted of Plaintiff, the Ceres Defendants, and the Fictitious Insurance Defendants. As has been noted, Plaintiff is a citizen of Louisiana, the Ceres Defendants are citizens of either Delaware or New Jersey, and the citizenship of the Fictitious Insurance Defendants is irrelevant for the purposes of determining diversity. Therefore, complete diversity existed at the time of removal and, since no other defendants have been added since removal, complete diversity currently exists. Furthermore, even if Plaintiff had named the unidentified employee as a hypothetical defendant prior to removal, that employee's citizenship would likewise be disregarded when determining whether diversity jurisdiction exists. Accordingly, the Court finds that the Ceres Defendants properly removed the instant case and that this Court has jurisdiction over the above-captioned matter.

Next, the Court addresses Plaintiff's alternative request to amend the pleadings and add the unidentified employee as a fictitious defendant. As an initial matter, the Court notes that, typically, the citizenship of a fictitious defendant would have no impact on the Court's diversity determination, because the citizenship of fictitious defendants is generally disregarded when making diversity jurisdiction determinations. However, since

Plaintiff has conceded that the proposed fictitious defendant will destroy diversity and, therefore, that the Court should analyze the amendment under the equities analysis set forth in Hengens v. Deere Co., 833 F.2d 1179 (5th Cir. 1987), the Court will proceed to analyze amendment under that standard, rather than the standards set forth in Federal Rules of Civil Procedure 15 and 20.[2]

In Hengens, the United States Court of Appeals for the Fifth Circuit stated that, "when confronted with an amendment to add a nondiverse nonindispensable party, [the district court] should use its discretion in deciding whether to allow that party to be added." 833 F.2d at 1182; 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State

---

[2] In any event, the Court notes that even if it were to analyze Plaintiff's request under Rules 15 and 20, Plaintiff has not provided the Court with sufficient information to convince the Court that "justice so requires" that the requested amendment be granted. In particular, the Court notes that it appears that Plaintiff could likely recover in full from the named Defendants under the principle of *respondeat superior*. Likewise, Plaintiff can also obtain all needed discovery from the named Defendants and/or through the subpoena power of this Court. Moreover, it appears like Plaintiff's only reason for seeking to add the fictitious defendant is so that at some point in the future, after the employee has been identified, Plaintiff can destroy diversity by seeking leave to substitute the newly identified employee for the fictitious defendant. See Pl.'s Memo. in Supp., Rec. Doc. 3-1, p. 4 (referencing two cases which hold that for the purposes of removal and remand the court should consider the citizenship of fictitious defendants when the evidence later reveals that they are not diverse).

9

Court."). The circuit court explained that courts should consider a number of factors in order "to balance the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits." Hensgens, 833 F.2d at 1182. Specifically, the court should evaluate: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is" denied, and (4) "any other factors bearing on the equities." Id.

In the instant case, the Court finds that the equities weigh in favor of denying Plaintiff's request to amend. The Court cannot conceive of any reason for Plaintiff's proposed amendment, other than to destroy diversity jurisdiction. In particular, the Court notes that Plaintiff knew that this unidentified employee existed at the time that the suit was filed, but chose not to name him as a fictitious defendant in his initial filing. While Plaintiff has argued that this was because he did not have the requisite information about the identity and citizenship of the employee, the Court finds this argument unconvincing. Plaintiff's complaint clearly shows that while he did not have any identity or citizenship information for the Fictitious Insurance

Defendants, he still chose to name them as Defendants in this case. Furthermore, Plaintiff has indicated that at this point in time, he still has not obtained the identity and citizenship information of the employee. Thus, Plaintiff is in the same position that he was when he made his initial decision not to include the employee as a fictitious defendant in the original complaint. The only change that has occurred is that this suit has been removed to federal court, and Plaintiff would like it to be remanded to state court. As such, the Court finds that the sole purpose of the proposed amendment is to destroy diversity and, therefore, that this factor weighs in favor of denying Plaintiff's request.

Moreover, Plaintiff has not provided the Court with sufficient evidence that he will be prejudiced if the amendment is denied. Although Plaintiff has cited discovery concerns, the Court notes that Plaintiff will be able to obtain much of the necessary discovery in this case from the Ceres Defendants. Likewise, Plaintiff will be able to obtain all necessary information from the employee via the subpoena power of this Court without naming him as a defendant. Additionally, it appears that Plaintiff can obtain complete relief from the Defendants already named in this suit via the doctrine of *respondeat*

*superior*. Consequently, it is likely that there is not even a need to add the employee as a defendant and/or to file a separate suit against him in state court, thereby indicating that the third Hengens factor weighs in the Ceres Defendants' favor.

Lastly, to the extent that the second Hengens factor weighs in Plaintiff's favor because he has not been dilatory in making his request, the Court notes that the factor does not tip the balance of the equities. As such, the Court finds that on balance, the equities weigh heavily in favor of denying Plaintiff's request for leave to amend. Accordingly,

**IT IS ORDERED** that Plaintiff's motion is **DENIED** in full.

New Orleans, Louisiana this 15th day of January, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE